## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
****

| | |
|---|---|
| ADELBERT M. BRYAN,<br>    Plaintiff,<br><br>    v.<br><br>JOHN ABRAMSON, JR., SUPERVISOR OF<br>ELECTION AND THE JOINT BOARD OF ELECTIONS<br>and GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>    Defendants. | ) SX-10-CV-0079<br>)<br>) ACTION FOR:<br>) INJUNCTIVE RELIEF;<br>) PRELIMINARY INJUCTION;<br>) TEMPORARY RESTRAINING<br>) ORDER<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Plaintiff, **ADELBERT M. BRYAN**, **Pro Se** and alleges the following as and for his Complaint.

1. This Court has jurisdiction under 4 V.I.C. § 76 et. seq. as amended.

2. The Plaintiff is and at all times a resident of St. Croix, U.S. Virgin Islands.

3. Defendant John Abramson, Jr. as Supervisor of Elections and Members of the Joint Board of Elections are residents and citizens of the U.S. Virgin Islands.

4. Defendants are governed by the laws of the Virgin Islands pursuant to 18 V.I.C. and The Help American Vote Act of 2002 A.K.A (HAVA) Public Law 107-252.

5. On July 30, 2002, the defendants agreed in a meeting held in St. Thomas as a Joint Board, decided that in the upcoming primary and general elections that electors who have reasons for not utilizing the electronic voting machine will have to use the provisional ballots, in violation of the Federal and Local laws for its intentional uses. (See Exhibit A.)

6. That it was not until August 4, 2010 that a press release was issued to notify the electors of this meeting decisions. (See Exhibit B.)

7. Defendants have no authority under the H.A.V.A. of 2002 and 18 V.I.C. to amend or change the prescribe uses of the provisional ballots.

Case: 1:10-cv-00079-HB-GWC Document #: 1 Filed: 08/17/10 Page 2 of 5

Complaint
Bryan v. Abramson, et.al.
Page 2 of 5

8. The lateness of the actions of the defendants for such decisions are arbitrary, capricious and without merits or legal authority and will cause plaintiff and thousands of electors to not register their choice of vote(s) in a secret ballot without influences, persuasion, intimidation and coercion.

9. The provisional ballot sole uses are prescribed federal and locally in both H.A.V.A 2002 and 18 V.I.C.

10. The Administrative Complaint Procedure and related hearings are not available for final disposition due to the arbitrary and capricious late meetings on July 30, 2010 and the press release dated August 30, 2010 issued by defendants. Such actions by defendants are arbitrary, capricious and discriminatory.

## FACTS

11. Plaintiff is a legally registered elector (voter) pursuant to 18 V.I.C. duly register in the democratic party and eligible to vote pursuant to 18 V.I.C. and H.A.V.A 2002, for the upcoming primary and general elections schedule for September and November 2010. (See Exhibit C.)

12. Plaintiff and thousand of electors have the legal choice of using paper ballots or the electronic voting machines pursuant to relative laws.

13. The Provisional ballot has its own and prescribed use according to 18 V.I.C. and H.A.V.A 2002, therefore, defendants have no legislative or congressional authority to change or amend its uses.

14. Any further attempt to administratively resolve this matter will be futile. The Administrative remedy is inadequate and will be futile in the matter, since the decisions were made within the lateness of the notice defendants' actions.

Case: 1:10-cv-00079-HB-GWC   Document #: 1   Filed: 08/17/10   Page 3 of 5

Complaint
Bryan v. Abramson, et.al.
Page 3 of 5

15. The Administrative remedies will and can take the solution way past the upcoming elections of 2010, which would deny plaintiff and others due process. See <u>McDowell v. Government</u>, 17 V.I. 346, 347-48 (D.C.V.I. 1980).

16. The use of ballots and ballot boxes are still present and available in 18 V.I.C. and have not been repealed.

17. The definition for "Provisional Ballot" and "Vote" is defined in 18 V.I.C. as amended in 7086 dated January 1, 2010.

18. Paper ballots have always been one of the five (5) instruments for casting a secret vote pursuant to 18 V.I.C.

19. Plaintiff and others have made it known to defendants and others via public radio talk shows of our intentions to vote with the use of the official paper ballots or unofficial ballots pursuant to 18 V.I.C.

20. 18 V.I.C. provides for the use of paper ballots and ballot boxes amongst other official instruments and documents to be delivered at all polling districts and polling places. The defendants arbitrarily, capriciously and discriminatorily agreed to influence, persuade, intimidate or coerce plaintiff and others to use a provisional ballot rather than the electronic voting machines, as adopted as one of the choice to register a voter's choice, will or preference to manifest his/her vote pursuant to 18 V.I.C.

21. Plaintiff has met all requisites pursuant to 18V.I.C. as a qualified voter in the upcoming primary and general elections in September and November 2010. (See Exhibit C.)

Case: 1:10-cv-00079-HB-GWC Document #: 1 Filed: 08/17/10 Page 4 of 5

Complaint
Bryan v. Abramson, et.al.
Page 4 of 5

22. Plaintiff and others similarly situated will suffer lost and denial of access and participation in upcoming elections if denied the use of a official ballot to cast one's vote pursuant to 18 V.I.C.

23. Plaintiff and others similarly situated will suffer immediate and irreparable harm, injury and loss of our right to vote if defendants are not temporarily restrained and permanently enjoined from their actions and decisions of July 30, 2010 and August 4, 2010.

24. There is no immediate remedy at law for this cause of action if this honorable court does not intervene.

25. That defendants have impiously cancelled the voter's registration of over six thousand (6,000) previously registered persons eligible to vote in upcoming primary and general elections to include 2010, in denial of the civil rights of these individuals without due notice.

26. 18 V.I.C. requires defendants to place notices in three (3) places to include responses from individuals so removed from registration by sending notices by mail and other requirements thereto.

27. These actions of defendants constitute an intentional, capricious, arbitrary and discriminatory act against plaintiff an others similarly situated.

28. There is only one primary election and one general election scheduled by law this year in September and November 2010, and if defendants are not restrained or enjoined from their decisions and actions, plaintiff and others will suffer irreparable harm and injury.

29. There is the likelihood of success for plaintiff and others similarly situated on the merits of this cause of action.

**WHEREFORE**, Plaintiff and others pray for a restraining order, preliminary injunction and permanent injunction prohibiting defendant from utilizing and enforcing their decision of July 30, 2010 and August 4, 2010. Plaintiff further prays for this Honorable Court to enter an order in favor of plaintiff and others to be allowed to vote utilizing an official paper or unofficial paper ballot to be placed in the ballot boxes and counted accordingly, and any further relief this Honorable Court may deem just and proper.

Plaintiff further prays for damages and other further appropriate relief preventing further violations of plaintiff's constitutional, civil and due process.

Respectfully submitted,

Dated: 8/17/10       By: _____
                         **ADELBERT M. BRYAN, Pro Se**
                         P.O. Box 1204
                         Frederiksted, VI 00841
                         Tel. # 340-772-9191
                                340-643-7476