## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ADELBERT M. BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | **CIV. NO.: 10-CV-00079** |
| v. | ) | |
| | ) | |
| JOHN ABRAMSON, JR., SUPERVISOR OF | ) | |
| ELECTIONS, and THE JOINT BOARD OF | ) | |
| ELECTIONS, and GOVERNMENT OF THE | ) | |
| VIRGIN ISLANDS, | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

Bartle, C.J.                                          August 31, 2010


Plaintiff Adelbert Bryan, acting pro se, has filed this action against the Defendants John Abramson, Jr., Supervisor of Elections, and the Joint Board of Elections and the Government of the Virgin Islands (collectively, the "Defendants").  He alleges that at the upcoming Virgin Islands primary election on September 11, 2010 and general election on November 2, 2010, Defendants will violate his right to vote by use of a secret paper ballot and instead require him to use a provisional ballot if he chooses not to cast his vote on an electronic voting machine.  Plaintiff also avers that voter registrations other than his own have been improperly cancelled.

Before the Court is plaintiff's Motion for a Preliminary Injunction and An Emergency Ex Parte Temporary Restraining Order to prohibit defendants from enforcing their decision to require him and other voters to use provisional ballots instead of paper ballots when a voter has a reason for not utilizing the electronic voting machines.  The defendants have filed a motion to dismiss the complaint on a number of grounds including lack of subject matter jurisdiction.  In addition, defendants contend that:  (1) the Court should abstain from hearing the case due to the local court's interest in deciding the state law issues; (2) plaintiff has failed to exhaust his

administrative remedies; (3) plaintiff failed to serve process on the Governor of the Virgin

Islands as required by Rule 4(j)(2) of the Federal Rules of Civil Procedure; (4) plaintiff is not

entitled under state or federal law to use a paper ballot; and (5) plaintiff lacks standing to

challenge the cancellation of voter registration.

## I.

Plaintiff states in his complaint that he is a legally registered voter who intends to

exercise his right to vote in the approaching primary and general elections.  On August 4, 2010,

the Office of the Supervisor of Elections issued a press release.  It informed the public that,

pursuant to a decision of the Joint Board of Elections, "the provisional ballot process will be

used for electors who have reasons for not utilizing the electronic voting machine."  Plaintiff

reads this press release as a decision by the Board of Elections to prohibit him from exercising

his statutory right to vote by paper ballot and to force him either to use an electronic voting

machine or a provisional ballot.  At a hearing held on this matter, plaintiff contended that the

electronic voting machines have a record of failing to record votes accurately and that

provisional ballots are not counted at the polling sites but are sent to a central location where

they are tabulated under the aegis of the Joint Board of Elections.  He objects to this counting

procedure because, in his view, the Joint Board is rife with conflicts of interest as a number of

the board members are employees of the government or its elected officials.

## II.

The Legislature of the Virgin Islands has mandated the use of electronic voting since

1984.  18 V.I.C. §§ 451, 471, 501-508, 521-524; *Stapleton v. Board of Elections, St. Thomas-St.

John*, 821 F.2d 191, 192 (3d Cir. 1987).  Plaintiff nonetheless contends that various sections of

the Virgin Islands Code, specifically 18 V.I.C. §§ 514, 516 and 518, which were passed prior to

the Election Reform Act of 1984, refer to ballots and ballot boxes and thus give him the right to

vote by means of a paper ballot, other than a provisional ballot.

The Virgin Islands Code, under certain circumstances, provides for the use of a

provisional ballot in lieu of casting one's vote on an electronic voting machine.[1]  As outlined in

the Rules and Regulations issued by the Joint Board, an elector may vote by provisional ballot

instead of by the electronic voting machine in the following circumstances:

> (a) A person's right to vote is challenged as provided in Title 18 section 586 VIC; or
> (b) An individual claims to be properly registered and eligible to vote at the election
> district, but whose name does not appear in the district register, and whose registration
> cannot be determined by the inspectors of elections; or
> (c) An eligible individual voting for the first time in the election district is unable to
> produce required identification; or
> (d) An individual has applied for an absentee ballot, but has not returned the absentee
> ballot; or
> (e) An individual presents a judicial order to vote; or
> (f) An individual whom an election official asserts is not eligible to vote.

Election Rules and Regulations, § 4934-5 Manner of Voting-Provisional ballot.

Plaintiff does not allege that he fits within any of these categories for the use of a

provisional ballot.

### III.

We first turn to the defendants' motion to dismiss for lack of subject matter jurisdiction.

The applicable standard of review under Rule 12(b)(1) of the Federal Rules of Civil Procedure

differs depending on whether the moving party has made a facial or a factual attack on the

court's power to hear the case.  *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891

(3d Cir.1977)).   When a facial attack is launched, that is, when a defendant contests the

---

[1] The Virgin Islands Code does not set forth the procedure for voting by provisional ballot.  However, "a provisional ballot" is included in the "definitions" section of  Title 18 where it is defined as "a special instrument upon which the voter's choices are recorded and which is subject to or dependent upon a post-election verification or confirmation of the voter's right to have voted on Election Day."  18 V.I.C. § 1.

sufficiency of the pleadings, the court must consider the allegations of the complaint to be true. *Golden v. Gov't of the V.I.*, 2005 U.S. Dist. LEXIS 45967, at *5 (D.V.I. Mar. 1, 2005) (citing *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002)). In contrast, when a factual challenge is made, that is, when defendants dispute the existence of certain jurisdictional facts alleged by the plaintiffs, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir. 2000) (citations omitted). In such a case "no presumptive truthfulness attaches to plaintiff's allegations . . . [and] the burden of proving the existence of subject matter jurisdiction lies with the plaintiff." *Id*. As set forth in *CNA v. United States*, 535 F.3d 132, 140 n.4 (3d Cir. 2008), "a plaintiff's claim may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous'" or is 'otherwise completely devoid of merit as not to involve a federal controversy.' *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)); *Golden*, 2005 U.S. Dist. LEXIS 45967, at *4 (citing *Kulick v. Pocono Downs, Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)).

Defendants here attack jurisdiction on the ground that plaintiff has not stated a claim under federal law and has merely alleged violations of the local law of the Virgin Islands. Such an attack is facial. *Golden*, 2005 U.S. Dist. LEXIS 45967, at *5. Thus, the Court takes as true the allegations as pleaded by plaintiff and may also consider "public records" and "undisputedly authentic documents." *Pension Benefit Guaranty Corp. v. White*, 998 F.2d 1192, 1196-97 (3d Cir.1993)).

The jurisdictional reach of this Court is determined by Congress, which, pursuant to Article IV, § 3 of the United States Constitution, is authorized to "dispose of and make all

needful Rules and Regulations respecting the Territory or other Property belonging to the United States."  As stated in *Brow v. Farrelly,* 994 F.2d 1027, 1032 (3d Cir. 2007), this provision allows Congress to "establish all necessary rules and regulations concerning the unincorporated territory of the Virgin Islands, including the power to designate the jurisdiction of the District Court and the [Superior] Court."  In accordance with this power, Congress enacted the Revised Organic Act, 48 U.S.C. §§ 1541 *et seq.*  It is the functional equivalent of a constitution of the Virgin Islands and both prescribes and proscribes the authority of the Virgin Islands Legislature to vest jurisdiction in its territorial courts.  *Id.*  Pursuant to § 1612 of the 1954 Revised Organic Act, the District Court of the Virgin Islands was vested

> with the jurisdiction of a District Court of the United States, in all causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy, and *general original jurisdiction over all other matters in the Virgin Islands*, subject to the exclusive jurisdiction of the local courts of the Virgin Islands over civil actions wherein the amount in controversy is less than $500.

*Id.*(emphasis added.)

In 1984, Congress amended § 1612 to read that this Court has the jurisdiction of "a District Court of the United States, including but not limited to, the diversity jurisdiction provided for in section 1332 of Title 28 . . . ." 48 U.S.C. § 1612(a).[2]   However, the amendment

---

[2] § 1612(a) provides:

> The District Court of the Virgin Islands shall have the *jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28*, United States Code, and that of a bankruptcy court of the United States. The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands. Any act or failure to act with respect to the income tax laws applicable to the Virgin Islands which would constitute a criminal offense described in chapter 75 of subtitle F of the Internal Revenue Code of 1954 [1986] [26 USCS §§ 7201 et seq.] shall constitute an offense against the government of the Virgin Islands and may be prosecuted in the name of the government of the Virgin Islands by the appropriate officers thereof in the District Court of the Virgin Islands without the request or consent of the United States attorney for the Virgin Islands, notwithstanding the provisions of section 27 of this Act [48 USCS § 1617].

48 U.S.C. § 1612(a) (emphasis added.)

also allowed the Virgin Islands Legislature to divest the District Court of jurisdiction over local

matters:

> In addition to the jurisdiction described in subsection (a) the District Court of the Virgin Islands *shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands.*

48 U.S.C. § 1612(b) (emphasis added.)

The Court of Appeals explained in *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 358 (3d

Cir. 2007) that the Virgin Islands Legislature, by virtue of the 1984 amendments to the 1954

Revised Organic Act, was granted the power to divest the District Court of original jurisdiction

for local matters by vesting "jurisdiction in territorial courts established by local law for all

causes for which any court established by the Constitution and laws of the United States does not

have exclusive jurisdiction." *Id*.  The Legislature thereafter exercised its divestiture power when

it enacted 4 V.I.C. § 76, which provides in pertinent part:

> (a) Subject to the original jurisdiction conferred on the District Court by section 22 of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Superior Court **shall have original jurisdiction in all civil actions regardless of the amount in controversy**; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations.

4 V.I.C. § 76 (emphasis added.)

Once the Legislature passed § 76, the District Court no longer had jurisdiction to hear

local civil matters.  Nonetheless, it retained the power of a District Court of the United States to

decide federal question cases and those where diversity of citizenship exists.  *Edwards*, 497 F.3d

at 358.

Plaintiff cites 18 V.I.C. § 119 as providing a basis for this Court's continuing jurisdiction to preside over this election case.  Section 119 allows "any qualified elector of any election district whose rights are impaired by any general order made by a board" to file an appeal with the District Court upon the exhaustion of any available administrative remedies.  This statute was enacted in 1963, long before the 1984 amendments to § 1612 of the Revised Organic Act and long before enactment of 4 V.I.C. § 76 in 1991.  In our view, the passage of § 76, giving the Superior Court "original jurisdiction in all civil actions" has rendered § 119 void as the two statutory provisions are inconsistent.  *See Brow*, 994 F.2d at 1035.

Plaintiff alleges federal question jurisdiction based on the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15301 *et seq*.  The purpose of HAVA is set forth in its preface:

> To establish a program to provide funds to States to replace punch card voting systems, to establish the Election Assistance Commission to assist in the administration of Federal elections and to otherwise provide assistance with the administration of certain Federal election laws and programs, to establish minimum election administration standards for States and units of local government with responsibility for the administration of Federal elections, and for other purposes.

The Act provides federal funding to states that comply with its requirements.[3]  *League of Women Voters of Ohio v. Brunner*,  548 F.3d 463, 474 n.13 (6th Cir. 2008) (citing 42 U.S.C. § 15301(a)).  The requirements set forth in Title III of HAVA include:  "(1) voting system standards for voting systems used in any federal election; (2) provisional voting and voting information requirements for federal elections; and (3) computerized statewide voter registration list requirements and requirements for voters who register by mail for federal elections." *NAACP State Conference of Pennsylvania v. Cortes*,  591 F. Supp. 2d 757, 759 n.6 (E.D. Pa. 2008) (citing 42 U.S.C. §§ 15481, *et seq*.).  As the preface to HAVA states, and as courts

---

[3] For purposes of the Act, "the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, and the United States Virgin Islands."  42 U.S.C. § 15541.

interpreting the provisions of HAVA have determined, HAVA applies only to federal elections.
*See, e.g., The American Civil Liberties Union of New Mexico v. Santillanes*,  546 F.3d 1313,
1325 (10th Cir. 2008); *Broyles v. Texas*, 615 F. Supp. 2d 661, 692-93 (S.D. Tex. 2009).

Plaintiff asserts that the actions taken by defendants with respect to the provisional
ballots constitute a violation of HAVA.  In his complaint, plaintiff does not specify on which
sections of HAVA he relies.  In his motion for preliminary injunction and temporary restraining
order, plaintiff cites 42 U.S.C. §§ 15481 and 15482.[4]   Section 15481 pertains to the voting
systems that must be instituted while § 15482 sets forth provisional voting and voting
information requirements.   He also contends generally that the presence on the ballot of
candidates for the office of Delegate to the House of Representatives is sufficient to render the
upcoming elections federal in character for purposes of invoking HAVA.  The Court was
advised at the hearing on this matter that there was no primary contest for the office of Delegate,
and therefore, the defendants argue, the primary elections do not constitute a federal election.
However, it is undisputed that candidates for this office will be on the ballot in the general
election.  At the very least, HAVA is applicable to the latter.

 For present purposes we assume without deciding that Plaintiff has a private cause of
action under HAVA. However, this issue has not been definitively resolved and case law casts
doubt on this assumption.  The enforcement provision of HAVA only explicitly provides for
civil actions by the Attorney General.  Under 42 U.S.C. § 15511:

> The Attorney General may bring a civil action against any State or jurisdiction in
> an appropriate United States District Court for such declaratory and injunctive
> relief (including a temporary restraining order, a permanent or temporary
> injunction, or other order) as may be necessary to carry out the uniform and
> nondiscriminatory election technology and administration requirements under
> sections 15481, 15482, and 15483 of this title.

---

[4]  Plaintiff simply provides a string cite of statutes relied on.  He also cites § 401 of HAVA.  Section 401 is entitled
"Actions by the Attorney General for declaratory and injunctive relief." 42 U.S.C. § 15511.

The Court of Appeals in *Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004), recognized that HAVA itself does not create a private right of action, but found that the Act creates a federal right enforceable against state officials under 42 U.S.C. § 1983 with respect to the right to cast a provisional ballot as provided by 42 U.S.C. § 15481. Other courts agree that HAVA itself does not provide a private cause of action. *See, e.g., Morales-Garza v. Lorenzo-Giguer*, 2008 WL 1976620, at *2 (5th Cir. 2008); *Florida Democratic Party v. Hood*, 342 F. Supp. 2d 1073, 1077 (N.D. Fla. 2004).

Even if HAVA applies to the Virgin Islands general election by virtue of the presence on the ballot of candidates for Delegate and even if plaintiff has a private cause of action, plaintiff has not cited any provision of the statute relevant to his claims. Section 15481 sets forth the requirements that a voting system must provide: privacy and accuracy in voting, the capacity to produce a paper record, access for disabled individuals, and uniform counting of votes. At the hearing, plaintiff made allegations concerning failures of voting devices in other jurisdictions, allegations which are not relevant to this matter. Further, plaintiff adverted to the alleged failures of the electronic voting machines in past Virgin Islands elections. Nonetheless, plaintiff has not pleaded in his complaint that the electronic voting system in the Virgin Islands violates the standards set forth in § 15481. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under the plausibility standard, the plaintiff is required to state

facts that tend to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this case, plaintiff has not satisfied the pleading standard because his complaint rests sole on conclusory statements unsupported by facts.

Plaintiff also relies on § 15482.   Under § 15482(a),"[i]f an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote, such individual shall be permitted to cast a *provisional ballot* . . . ."[5] (emphasis added.)  This provision does not fit plaintiff's circumstances. Plaintiff does not claim that his name has been omitted from the official list of eligible voters for his polling place or that his right to vote will be disputed.  On the contrary, he alleges that he is a legally registered voter and the Defendants concede that he is.

Moreover, plaintiff has not pleaded that the defendants have acted contrary to § 15482(a) by failing to provide for provisional ballots for those individuals whose right to vote is challenged at the polls.  The August 4, 2010 press release of the Joint Board of Elections, which states that "the provisional ballot process will be used for electors who have reasons for not utilizing the electronic voting machine,"  and on which plaintiff relies, simply affirms that provisional ballots will be available as required by law.  It does not have any effect on a person such as plaintiff, who is recognized by election officials as eligible to vote at the upcoming elections.

In sum, plaintiff's claims under HAVA are wholly "insubstantial and frivolous" and "completely devoid of merit."  *CNA*, 535 F.3d at 140; *Golden*, 2005 U.S. Dist. LEXIS 45967, at

---

[5] Section 15481, entitled "voting systems standards" provides for privacy in verifying and changing a vote (§§ 15481(a)(1)(A)(i)-(ii)), but does not prescribe the use of provisional ballots.

*4.  Under the circumstances, we must dismiss these claims for lack of subject matter jurisdiction.  *CNA*, 535 F.3d at 140.

Finally, plaintiff alleges that Defendants have improperly cancelled the registration of over six thousand voters.  Yet, plaintiff has not asserted that *his* voter registration has been cancelled.  Again, plaintiff avers in his complaint that he is a legally registered voter in the Virgin Islands.  Since he has not pleaded any "actual, concrete injury" to himself, he does not have standing to bring this claim, and we do not have subject matter jurisdiction over it. *Common Cause of Pennsylvania v. Pennsylvania,* 558 F.3d 249, 257-58 (3d Cir. 2009).

## IV.

Accordingly, because there is no federal question before this Court, we will dismiss the Complaint for lack of subject matter jurisdiction.  Whether the plaintiff has a claim under local law lies with the Superior Court of the Virgin Islands.